

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

MICHAEL ACHEAMPONGTIEKU,
on his own behalf and on behalf of all others similarly situated

                          Plaintiff,

    -against-

ALLIED INTERSTATE, INC.,

                          Defendant.
-------------------------------------------------------------x

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

04 CV 8397
JUDGE BAER

RECEIVED OCT 25 2004 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by and through his undersigned attorneys, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant, and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 et. seq. of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Michael Acheampongtieku (hereinafter "Acheampongtieku") is a resident of the State of New York, Bronx County. On or about July 13, 2004, plaintiff received a debt collection notice from defendant at plaintiff's home address. **Exhibit A.**

5. Defendant Allied Interstate, Inc. (hereinafter "Allied") is a Minnesota Corporation engaged in the business of collecting debts. Its Registered Agent is the C T Corporation System, 111 Eighth Avenue, Floor 13, New York, New York 10011. The principal purpose of defendant Allied Interstate is the collection of debts using the mails and telephone, and the defendant regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA and contain substantially the same language complained of herein at paragraphs 16 through 18 of this complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Allied Interstate, Inc.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.  There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a.  Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(5), 15 U.S.C. §§ 1692e(8), 15 U.S.C. §§ 1692e(10), 1692g(a)(3) and 1692g(a)(4);

   b.  Whether plaintiff and the Class have been injured by the defendant's conduct;

   c.  Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d.  Whether plaintiff and the Class are entitled to declaratory relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about July 13, 2004, defendant mailed a collection letter to the plaintiff demanding payment of a debt. A copy of this letters is annexed hereto as **Exhibit A.**

16. The letter stated:

"Your account is currently scheduled to be listed with a national credit bureau. To avoid reporting of your delinquent Providian account to the credit bureau, contact us for acceptable arrangements."

17. Said language is false and deceptive as this Providian account status was listed with (a) Experian as a Charge-off, with (b) Equifax as a bad debt placed for collection and with (c) Trans Union as charged off as bad debt on or before July 13, 2004, the date of the collection letter at issue.

18. The language divests the consumer of his right to meaningfully dispute the debt within the meaning of 15 U.S.C. § 1692g with Allied Interstate, Inc. and have Allied Interstate, Inc. in its capacity as a debt collector communicate that the debt is disputed, as required by 15 U.S.C. § 1692e(8), because the debt collector has assured the consumer that absent payment, it will report the nonpayment without regard to the consumer's right to verification and right to dispute the debt.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

20. Each of the above allegations is incorporated herein.

21. Defendant's debt collection letter violated and overshadowed various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(5), 15 U.S.C. §§ 1692e(8), 15 U.S.C. §§ 1692e(10), 1692g(a)(3) and 1692g(a)(4);

22. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representatives;

b) Issue a declaratory Order requiring defendant to make corrective disclosures;

c) Awarding plaintiff and the class statutory damages;

d) Awarding plaintiff and the class the costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: October 21, 2004
Uniondale, New York

Abraham Kleinman (AK-6300)
Katz & Kleinman PLLC
626 EAB Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile   (516) 522-2890

**EXHIBIT A**

# Allied Interstate, Inc.

800 Interchange West   435 Ford Road   Minneapolis, MN 55426-1096
Toll Free: (888) 253-3108   Fax: (614) 865-2827

**Account #:** A16867558/P15290762
**Regarding:** Providian
**Client Account #:** 4465670300892262
**Amount Due:** $1560.71

Date: July 13, 2004

Michael Acheampong T:

## SPECIAL NOTICE AND PAYMENT DEMAND

Your account with Providian has been placed with our office for collection. A request is therefore made for payment in full.

As of the date of this letter, you owe PROVIDIAN $1560.71. Because of interest, late charges, and other charges ASSESSED BY PROVIDIAN that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

Your account is currently scheduled to be listed with a national credit bureau. To avoid reporting of your delinquent Providian account to the credit bureau, contact us for acceptable arrangements.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects and returns your payments for any reason, a service fee - the maximum allowed by your state's statutory laws - may be added to your account balance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Return the lower portion of this notice with payment in full in the enclosed envelope.

Sincerely,
Account Representative
Toll Free: (888) 253-3108

New York City License Number is #0933734.

---

(Detach and return with payment)

Undeliverable Mail Only:

P.O. Box 1954
Southgate, MI 48195-0954

CCD/A16867558/P15290762/DCC88   002 12509390   0000157/0001
Michael Acheampong Ti
2545 Olinville Ave Apt 3C
Bronx, NY 10467-7456

DCC88

Regarding:   Providian
Client Account #:   4465670300892262
Amount Due:   $1560.71
Date:   July 13, 2004

Amount Remitted  $_____

A16867558/P15290762

Providian Payment Processing
P.O. Box 660548
Dallas, TX 75266-0548