UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL ACHEAMPONGTIEKU, on his own behalf :
and on behalf of all others similarly situated, :
: OPINION & ORDER
Plaintiff, :
: 04 Civ. 8397 (HB)
- against - :
:
ALLIED INTERSTATE, INC., :
:
Defendant. :
------------------------------------------------------------------------x

**Hon. HAROLD BAER JR., District Judge**[*]**:**

On October 25, 2004, Plaintiff, Michael Acheampongtieku, filed the instant action individually, and on behalf of others similarly situated, against Defendant, Allied Interstate, Inc. ("Allied"), a debt collection agency, for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff seeks: (1) a declaratory judgment requiring Defendant to make corrective disclosures in its letters to alleged debtors; and, (2) statutory damages. (Compl. ¶ 23.) Here, Allied moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion for summary judgment is GRANTED.

**I.     BACKGROUND**

**A.     Factual Background**

The essential facts that give rise to this action are not in dispute. Plaintiff is a resident of New York City, New York. (Compl. ¶ 4.) Allied is a debt collection agency with its principal place of business in Minnesota. (Compl. ¶ 5; Ans. ¶ 4.)

In an attempt to collect debts alleged to be owed to Providian Financial Corporation ("Providian"), the Defendant, between October 25, 2003 and November 8, 2004, mailed 170,090 similar letters to Providian debtors. (Pl. Memo. in Op. to Def. Mot. for Summ. J., Ex. B, Resp. to Interrogs., at ¶ 1.) While letters, or a draft thereof, was checked for errors prior to being sent, the complained of language remained. (Aff. of Jeffrey Swedberg, Vice Pres. Operations of Allied, at ¶ 7.) The parties do not dispute that Allied maintained specific procedures "to prevent

---

[*] Paul-Philippe L. Reyes, a summer 2005 intern in my Chambers, and currently a second year law student at Brooklyn Law School, provided substantial assistance in the research of this Opinion.

1

errors in the letters it sent to Plaintiff and others from whom it sought to collect a debt and to ensure compliance with the FDCPA." Id. These procedures included:

> (1) a client of Allied requested a proposed letter be used; (2) the proposed letter was reviewed and revised to ensure compliance with applicable law; (3) the proposed letter was sent to an outside letter vendor so it could be formatted and prepared; (4) the outside vendor formatted the letter and returned it to Allied for inspection; and (5) the letter was entered into production and used.

Id. Allied acknowledges that after the letters were sent into production they were not rechecked for accuracy. Id.

On July 13, 2004, Plaintiff received one of these letters from Allied which sought to collect a debt Plaintiff owed to Providian. (Aff. Swedberg, at ¶ 5.) The Collection Letter reads in pertinent part:

> SPECIAL NOTICE AND PAYMENT DEMAND . . . Your account is currently scheduled to be listed with a national credit bureau. To avoid reporting of your delinquent Providian account to the credit bureau, contact us for acceptable arrangements.

(Compl. Ex. A, Ltr. dated Jul. 13, 2004, from Allied to Michael Acheampongtieku) (herein, "Collection Letter").[1] Despite the language of the letter indicating that delinquent debtors may

---

[1] The Collection Letter in its entirety is as follows:

Date: July 13, 2004

Michael Acheampong T[sic]:

SPECIAL NOTICE AND PAYMENT DEMAND

Your account with Providian has been placed with our office for collection. A request is therefore made for payment in full.

As of the date of this letter, you owe PROVIDIAN $1,580.71. Because of interest, late charges, and other charges ASSESSSED BY PROVIDIAN that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

Your account is currently scheduled to be listed with a national credit bureau. To avoid reporting of your delinquent Providian account to the credit bureau, contact us for acceptable arrangements.

We are a debt collector attempting to collect a debt and any information obtained will be used for hat purpose. If your financial institution rejects and returns your payments for any reason, a service fee – the maximum allowed by your state's statutory laws – may be added to your account balance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in

be reported, Allied never informed any credit bureau of Plaintiff's debt. (Aff. Swedberg, at ¶¶ 6-8.)

However, according to Plaintiff, while Allied did not report Plaintiff's debt to any credit bureau, Providian, unbeknownst to Allied until the filing of this action, reported Plaintiff's debt to three credit bureaus in violation of Section 1692e of the FDCPA. (Compl. ¶ 17; Aff. Swedberg, at ¶ 11) (see also Pl. Mem. of Law in Op. to Summ. J., at 6 (". . . as there was no reporting done by the defendant nor did the defendant intend on reporting any consumer to a credit reporting agency.")). In particular, Plaintiff alleges that his "Providian account status was listed with (a) Experian as a Charge-off, with (b) Equifax as a bad debt placed for collection and with (c) Trans Union as charged off as bad debt." (Compl. ¶ 17.) Plaintiff alleges, the Collection Letter was false, deceptive, and prohibited Plaintiff from disputing the validity of the debt prior to it being reported to a credit bureau. Id. In addition, Plaintiff also claims that the language of the Collection Letter overshadows, confuses, and divests the consumer of his right to meaningfully dispute the debt in contravention of 15 U.S.C. §§ 1692e and 1692g. Id. Thus, Plaintiff seeks both a declaratory judgment requiring Allied to make corrective disclosures in its collection letters and statutory damages. (Compl. ¶ 23.)

**B.     Procedural History**

On October 24, 2004, Plaintiff filed the instant action for violation of the FDCPA. (Compl. ¶17.) On June 30, 2005, Allied moved for summary judgment, and argued that (1) the Collection Letter does not obfuscate Plaintiff's rights under the FDCPA, and (2) even if the Collection Letter violates the FDCPA, Allied is entitled to protection under 15 U.S.C. § 1692k(c). (Def. Mem. of Law in Supp. of Def. Mot. for Summ. J., at 1-3) (Dckt. 10.)

## II.     STANDARD OF REVIEW

A court will not grant a motion for summary judgment unless it determines that there is no genuine issue of material fact and the undisputed facts are sufficient to warrant judgment as a

---

writing 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Return the lower portion of this notice with payment in full in the enclosed envelope.

Sincerely,

Account Representative

Toll Free: (888) 253-3108

(Compl. Ex. A, Ltr. dated Jul. 13, 2004, from Allied to Michael Acheampongtieku) (emphasis in original.)

3

matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986).  The party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Cir. P. 56(e).  In determining whether there is a genuine issue of material fact, the Court must resolve all ambiguities, and draw all inferences, against the moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).  It is not the court's role to resolve issues of fact; rather, the court may only determine whether there are issues of fact to be tried.  Donohue, 834 F.2d at 58 (citations omitted).

### III.  DISCUSSION

The purpose of FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors."  Shevach v. Am. Fitness Franchise Corp., No. 98 Civ. 2938, 2001 WL 274121, at *2 (S.D.N.Y. Mar. 19, 2001) (citing to S. Rep. No. 382, 95th Cong., 1st Sess. 1-2).  The FDCPA delineates a laundry list of possible violations designed to prohibit "false, deceptive or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e; see also Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).  In particular, Section 1692e prohibits:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; . . . and (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(5); 1692e(8); 1692e(10).  In addition to the expressed violations, a collection letter may implicitly violate Section 1692e "regardless of whether the representation in question violates a particular subsection of that provision."  Russell, 74 F.3d at 33.

The FDCPA also protects consumers by requiring a debt collector to inform consumers of certain information either in the initial collection letter or within five days after the initial communication.  See, e.g., Johnson v. Equifax Risk Mgmt. Serv.'s, No. 00 Civ. 7836, 2004 WL

4

540459, at *4 (S.D.N.Y. Mar. 17, 2004) (Baer, J.). Pursuant to Section 1692g, a collection letter is required to include four items: (1) the amount of the debt; (2) the name of the creditor, and:

> (3) [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; [and] (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer.

15 U.S.C. § 1692g(a); see, e.g., Johnson, 2004 WL 540459, at *4 ("In short, 15 U.S.C. 1692g requires the debt collector to inform the consumer of his right to dispute and demand verification of the debt."). Collection letters that neglect to provide these essential notices violate the FDCPA because they are overshadowing and contradictory, and "would make the least sophisticated consumer uncertain as to her rights." McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002) (internal citation omitted).

In accordance with well-settled Second Circuit precedent, when determining whether a collection letter violates the FDCPA, a court is to apply "an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998); see, e.g., Miller v. Wolpoff & Abramson LLP, 321 F.3d 242, 310 (2d Cir. 2003) (cited by Johnson, No. 00 Civ. 7836, 2004 WL 540459, at *4). This standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). As such, "when a notice contains language that overshadows or contradicts other language informing a consumer of her rights, it violates the [FDCPA]." Savino, 164 F.3d at 85 (emphasis added). However, the FDCPA also protects debt collectors from "unrealistic or peculiar interpretations of Collection Letters." Shapiro v. Dun & Bradstreet Receivable Mgmt. Serv.'s, Inc., 209 F. Supp. 2d 330, 334 (S.D.N.Y. 2002) (citing to Jang v. A.M. Miller & Assoc., 122 F.3d 480, 483-84 (7th Cir. 1997); Orenbuch v. N. Shore Health Sys., Inc., 250 F. Supp. 2d 145 (E.D.N.Y. 2003) (same). Indeed, the least sophisticated consumer standard serves the FDCPA's dual purpose: to protect the consumer from unscrupulous collection practices and save debt collectors from "liability for unreasonable misrepresentations of collection notices." Clomon, 988 F.2d at 1320.

Here, Plaintiff maintains that the collection letter he received violated the FDCPA for three reasons. First, Plaintiff argues that the Collection Letter violated the notice requirement

5

articulated in Section 1692g. Second, Plaintiff maintains that the Collection Letter falsely stated that the debt would be reported to a credit bureau when Providian had already reported the debt as delinquent. (Compl. ¶ 18.) Third, and lastly, Plaintiff argues that Defendant is not entitled to protection under the "bona fide error" provision because the volume of letters sent by Allied indicates a lack of necessary procedural safeguards. Defendant disagrees and moves for summary judgment.

A.  Section 1692g: Overshadowing and Contradicting Language

Plaintiff's primary contention is that the Collection Letter contradicts or otherwise overshadows Plaintiff's right to dispute and verify a debt in accordance with 15 U.S.C. § 1692g(a). In particular, Plaintiff argues that the Collection letter contradicted or otherwise overshadowed Plaintiff's right to dispute and verify his debt. (Pl. Memo. in Op. to Def. Mot. for Summ. J., at 5).

The Collection Letter here mirrors Judge Posner's approach in Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997), if not in style, in substance. It contains the elements necessary to apprise the debtor of his rights, while not concealing any of the possible options available to settle the debt. The Collection Letter clearly articulates that Plaintiff owes Providian $1,560.71 and suggests one method to resolve the matter: "Your account is currently scheduled to be listed with a national credit bureau, contact use for acceptable arrangements." (Compl. Compl. Ex. A, Ltr. dated Jul. 13, 2004, from Allied to Michael Acheampongtieku.) Two paragraphs later, the Collection Letter notifies Plaintiff of his right to dispute the debt within 30 days:

> [I]f you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt . . . and mail you a copy of such . . . verification.

(Collection Letter, at ¶ 5.) Such language is in the spirit of Section 1692g and the approach taken in Bartlett; it is unreasonable to read such statements as ambiguous. The language neither requires payment by a certain time nor indicates that legal action will be taken prior to expiration of adequate time allotted to dispute the debt. Rather, the Collection Letter simply requests that the debtor contact Allied. See, e.g., Savino, 164 F.3d at 85 (concluding that language containing a telephone number is not enough to be a violation of the FDCPA); see also Lerner v. Forster, 240 F. Supp. 2d 233, 238 (E.D.N.Y. 2003) (stating, "it does not follow that simply because a Collection Letter instructs a consumer to contact a debt collector that the validation notice is

necessarily overshadowed or contradicted."). Moreover, the letter does not have features that demonstrate overshadowing, such as differences in typeface and size from the rest of the letter, or any "ominous language such as immediate payment or immediate attention." Johnson, 2004 WL 540459, at *5 (S.D.N.Y. Mar. 17, 2004) (internal quotations omitted). Accordingly, there is no indication that repayment, and repayment only, would resolve the dispute; thus, the language does not violate Section 1692g.

B.     **Section 1692e: False, Deceptive or Misleading Representation**

Plaintiff also claims that the Collection Letter includes false and misleading representations in violation of Section 1692e. (Compl. ¶ 17.) In particular, Plaintiff claims that the Collection Letter violates Section 1692e(8) because it assures "the consumer that absent payment [Allied] will report the nonpayment without regard to the consumer's right to verification and right to dispute the debt." (Compl. ¶ 18.)

The language of the Collection Letter, however much Plaintiff would like it otherwise, is clear and unambiguous. The Debtor is informed of his right to challenge the debt ("[u]nless you notify this office"), the length of time with which the debtor has to challenge ("within 30 days after receiving this notice"), and the consequences ("this office will assume this debt is valid"). (Compl. Ex. A, Ltr. dated Jul. 13, 2004, from Allied to Michael Acheampongtieku) (emphasis omitted). As already noted, the Collection Letter neither threatens to report the information to a credit bureau without providing Plaintiff a chance to meaningfully dispute the debt nor includes an unfair deadline. See Goldman v. Cohen, No. 01 Civ. 5952, 2004 WL 2937793, at *2 (S.D.N.Y. Dec. 17, 2004). In particular, the language "[y]our account is currently scheduled to be listed," when read in conjunction with the 30-day verification provided two paragraphs later, while it could be clearer, cannot be reasonably construed to imply that a debt would be reported without Plaintiff having an opportunity to dispute it. (Compl. Ex. A, Ltr. dated Jul. 13, 2004, from Allied to Michael Acheampongtieku.) Plaintiff's claim in this instance is doubly deficient as he acknowledges that Allied did not report the debt to any credit bureau. (Aff. Swedberg, at ¶ 9; Pl. Mem. of Law in Op. to Summ. J. at 6.) Since Providian, not Allied, allegedly listed the debt to the credit bureau, the letter was neither false, misleading, nor deceptive. Plaintiff's claim that the letter threatens legal action and deprives Plaintiff of a right to verify and dispute the claim is without merit.

7

However, while it is well settled that the FDCPA principally targets collection agencies, the statute does not shield creditors from liability.[2] As part of the relationship between collection agencies and creditors, collection agencies are required to act in accordance with the FDCPA, and creditors are duty-bound to abide by the parameters of collection agencies' communications with debtors. While Allied's collection letter abided by the FDCPA, the thirty day time period provided to debtors to dispute the validity of the debt require both the collection agency **and** the creditor to cease any debt collection activity during that time. The creditors and collection agencies shall, in future contracts, provide explicit warnings as to this prohibited activity and their potential consequences. Such language was apparently absent here.

C.   **Section 1692e: Actions by Providian**

Assuming arguendo that the Collection Letter violated the FDCPA, Allied maintains that any misstatements were mistakes and it is entitled to the bona fide error protection and, therefore, as a matter of law, Allied is not liable under the statute.

The FDCPA affords debt collectors an affirmative defense called the bona fide error defense. See 15 U.S.C. § 1692k(c). In accordance with Section 1692k(c):

> A debt collector may not be held liable [under the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c); Fedotov v. Peter T. Roach & Assoc., P.C., 354 F. Supp. 2d 471, 474 n.2 (S.D.N.Y. 2005) (same); see also Russell v. Equifax, 74 F.3d 30, 33-34 (2d Cir. 1996). Allied need not demonstrate that the procedures be fool proof, but "rather, it only requires reasonable precaution." Kort v. Diversified Collection Serv., Inc., 394 F.3d 530, 539 (7th Cir. 2005) (citation omitted); Pipelines v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir.1989) (holding that the bona fide error defense is available only if violation was (1) unintentional and (2) the error occurred despite the existence of procedures reasonably designed to prevent it).

---

[2] See, e.g., Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000) (holding that "an entity that is itself a 'debt collector' -- and hence subject to the FDCPA -- should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf."); see also Irwin v. Mascott, 112 F. Supp. 2d 937, 961 (N.D. Cal. 2000) (holding that "since vicarious liability is consistent with the FDCPA and may be applicable in this case, summary judgment for defendants must be denied."); Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1486 (M.D. Ala. 1987); cf. Carlson v. Long Island Jewish Med. Ctr., No. 04 Civ. 3086, 2005 WL 1631142, *4 (E.D.N.Y. Jul. 11, 2005); Shevach v. Am. Fitness Franchise Corp., No. 98 Civ. 2938, 2001 WL 274121, at *3 (S.D.N.Y. Mar. 19, 2001).

Allied's collection letter procedures are undisputed. First, the "proposed letter was reviewed and revised (as necessary) by an Allied compliance employee, to ensure compliance with applicable law, including the FDCPA." (Aff. Swedberg, at ¶7.) After the Collection Letter was sent to an outside vendor for formatting and preparation for use, the Collection Letter was returned to Allied, and "an Allied compliance employee and a software engineer responsible for entering the letter into production then reviewed the proposed letter again." (Aff. Swedberg, at ¶7.) Only after this second review was the Collection Letter entered into production and sent. (Aff. Swedberg, at ¶7.) With regard to the particular collection letter received by the Plaintiff, it appears that "after the [Collection] Letter was entered into the operating system for use, an employee not involved in any of the compliance reviews changed the [Collection] Letter, so that the complained of language was added to the [Collection] Letter."

All told, the Collection Letter was reviewed twice before it was distributed. While the Collection Letter apparently should have been checked a third time, the law does not require every possible precaution but, rather, reasonable procedures. See e.g., Kort, 394 F.3d at 539 (citation omitted) (holding that the FDCPA "does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution.")

In addition, as opposed to Johnson v. Equifax, where I denied defendant's motion for summary judgment based on a bona fide error defense because the procedures "were clearly inadequate given the numerous errors and violations of the FDCPA," 2004 WL 540459, at *9, here, Plaintiff points to the inadvertent inclusion of two limited sentences in letters sent to debtors owing money to a specific client of Allied. Indeed, Plaintiff does not even suggest that the inclusion of the language was intentional and fails to contest in its Rule 56.1 statement that there were reasonable procedures in place. To the contrary, Plaintiff fails to produce a scintilla of evidence to support the conclusory allegations contained in the Complaint, or refute the reasonableness of Allied's safeguard procedures. See Shapiro v. Haenn, 222 F. Supp. 2d 29, 44 (D.Me. 2002) (holding that "because Defendant . . . has produced evidence that satisfies . . . his bona fide error defense, and Plaintiff has failed to raise evidence from which a reasonable jury could find to the contrary, Defendant . . . is entitled to summary judgment on Plaintiff's FDCPA claims.") Allied's affidavits and evidence establish that procedural safeguards in place at the time the Collection Letter was sent were adequate and any questionable language was unintentional.

9

Accordingly, Allied's affidavits and evidence establish that procedural safeguards in place at the time the Collection Letter was sent were adequate, any questionable language was unintentional, and Plaintiff's claim that Allied violated Section 1692e is unavailing.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. The Clerk of the Court is instructed to close this motion and remove this case from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**August 24, 2005**

_____
U.S.D.J.